```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CURBY DARNLEY,                              :
                                            :
                 Appellant,                 :            **SUMMARY ORDER**
                                            :
         -against-                          :            06-CV-4265 (DLI)
                                            :
AMERIQUEST MORTGAGE                         :
COMPANY,                                    :
                                            :
                 Appellee.                  :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Appellant Curby Darnley ("Darnley") seeks reconsideration of this court's October 13, 2006 order precluding Darnley from making any further petitions in state court pertaining to the property known as 228 Lexington Avenue, Brooklyn, New York (the "Property"). While Darnley's reconsideration motion is untimely, this court grants Darnley's request for the reason stated below.

Darnley further requests a stay of foreclosure on the Property, pursuant to Bankruptcy Rule 8005, pending this court's decision on his appeal from Bankruptcy Judge Milton's denial of his motion to reopen and reinstate his Chapter 13 case and to vacate a foreclosure order on the Property. The court ruled on Darnley's request in its October 13, 2006 order, denying Darnley's motion for a stay of foreclosure. To the extent that Darnley is now seeking reconsideration of the court's denial of that motion, such request is denied.

Appellee Ameriquest Mortgage Company ("Ameriquest"), in addition, asks this court to order Darnley to compensate Ameriquest for its "additional legal expenses, including the cost of this motion and court appearance." Ameriquest's request is also denied.

**Motion for Reconsideration Standard**

Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc.*, 04-CV-4165 (ADS)(AKT), 2007 U.S. Dist. LEXIS 47405, at *7 (E.D.N.Y. June 29, 2007) (citation omitted). Reconsideration is, furthermore, justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). However, a court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In the interests of finality, Local Civil Rule 6.3 requires that "[a] notice of motion for reconsideration. . . be served within ten (10) days after the entry of the court's determination of the original motion."

**Stay of Foreclosure**

Darnley's application for reconsideration is untimely. The court issued the order, of which Darnley seeks reconsideration, on October 13, 2006. Darnley filed his reconsideration papers on November 11, 2006, well beyond the ten-day deadline imposed under Local Civil Rule 6.3. Furthermore, in arguing for a stay, Darnley raises precisely the same arguments he raised before this court at the October 13, 2006 hearing. As Darnley cannot seek to re-litigate this issue, his motion with respect to the stay is denied.

**Petitions Filed in State Court and Attorneys' Fees**

Darnley has failed to point to any factual matters or controlling precedent this court overlooked in issuing its October 13 order precluding Darnley from making any further petitions pertaining to the Property in either federal or state court. Nor has Darnley contended that there has been an intervening change in controlling law, that new evidence has become available, or that any manifest injustice will otherwise result.

Notwithstanding, this court grants limited reconsideration of its October 13 order for the following reason. The court has reviewed the transcript of the October 13 proceedings, and has observed that Ameriquest's request that Darnley be precluded from bringing additional petitions concerning the Property related only to those that may be brought in Federal or Bankruptcy Court. Accordingly, the court amends its October 13 order to preclude Darnley from bringing any further petitions pertaining to the Property in Federal or Bankruptcy Court.

Finally, as Darnley has the right to appeal from Judge Milton's decision in the Bankruptcy Court, Ameriquest's request for legal fees is denied.

**Conclusion**

For the foregoing reasons, (1) Darnley's reconsideration motion concerning the stay is

denied; (2) Darnley's reconsideration motion concerning petitions filed in state court is granted, and he is no longer precluded from filing petitions relating to the Property in state court; and (3) Ameriquest's request for legal fees is denied.

SO ORDERED.

DATED:   Brooklyn, New York
         August 10, 2007

>                            _____/s/_____
>                                    DORA L. IRIZARRY
>                                 United States District Judge