UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CURBY DARNLEY,

                         Plaintiff,

                     -against-

AMERIQUEST MORTGAGE CO.,

                        Defendant.
------------------------------------------------------------------ :

**MEMORANDUM & ORDER**
06-CV-4265 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* debtor-appellant Curby Darnley appeals from an order of the United States Bankruptcy Court for the Eastern District of New York entered on July 6, 2006, denying his motion to reopen a chapter 13 case to vacate a judgment of foreclosure and reinstate the matter on the calendar. For the reasons set forth below, the bankruptcy court's July 6, 2006 decision is affirmed.

**I.    Background**[1]

Appellant resided in a two family home at 228 Lexington Avenue, Brooklyn, New York (the "property") since prior to 1998. On or about October 22, 1999, after appellant defaulted on his mortgage payments, Chemical Bank began foreclosure proceedings on the property in the Supreme Court of the State of New York, Kings County ("state court"). On August 8, 2000, the state court issued a judgment of foreclosure and sale on the property, which was entered on

---

[1] The background section of this Order does not include specific citations to the record because it has been pieced together from multiple sources and exhibits, some of which appear on the docket numerous times. *Pro se* appellant's briefs do not provide a comprehensive record of the factual and procedural background, which prevents the court from relying solely on the pleadings for this narrative. To the extent that this section includes factual assertions, such facts are undisputed by the parties.

August 23, 2000. Appellant's motion to vacate the judgment of foreclosure was denied by the state court on December 14, 2001.

On June 4, 2002, appellant sought an Order to Show Cause in state court to postpone the foreclosure and sale of the property. The court issued an order precluding the foreclosure referee from transferring the deed and directed the referee to inform all bidders that the transference of the deed was stayed.

The referee sold the house at a public auction on the following day, on June 5, 2002, to Sultan Development, Inc., Mr. Victor Sultan, Mr. Jamil M. Alabac, and Muhammed Ali. The property was then assigned to Ms. Gloria Harris on July 28, 2002. The closing, delivery of the deed to Ms. Harris, and signing of the referee's report of sale took place on August 14, 2002. The deed ultimately was transferred in November 2002 to the owner of record, at the time, Sal Gelardi, who purchased the property from Ms. Harris on August 27, 2002. Mr. Gelardi defaulted on his mortgage, and appellee Ameriquest Mortgage Company, Chemical Bank's successor in interest, sought foreclosure on the property.

Appellant filed for bankruptcy seven times over a five year period, including most relevantly on July 16, 2002. Each of those bankruptcies was dismissed. The filing dates, dismissals and the relevant period of the automatic stays are listed below.

| Case Number | Filing Date | Dismissal Order | Automatic Stay |
| --- | --- | --- | --- |
| 98-11828 | 2/13/98 | 4/27/98 | 2/13/98-4/27/98 |
| 98-26210 | 11/17/98 | 1/22/99 | 11/17/98-1/22/99 |
| 99-12703 | 3/2/99 | 4/15/99 | 3/2/99-4/15/99 |
| 99-12703 | 3/2/99 | 4/15/99 | 3/2/99-4/15/99 |
| 00-21335 | 10/24/00 | 3/6/01 | 10/24/00-3/6/01 |
| 01-15728 | 4/30/01 | 7/9/01 | 4/30/01-7/9/01 |
| 02-18934 | 7/16/02 | 10/11/02 | 7/16/02-10/11/02 |
| 03-10151 | 1/7/03 | 3/10/03 | 1/7/03-3/10/03 |

On April 17, 2006, appellant moved in bankruptcy court to restore this matter to the trial calendar and vacate the judgment of foreclosure that resulted in the June 5, 2002 auction sale.

After his motion was denied on July 6, 2006, appellant filed the instant appeal on August 10, 2006.

Appellant asserts on appeal that any transfer of the property is null and void because the June 5, 2002 foreclosure sale violated the automatic stay provisions of the federal bankruptcy code. In the alternative, appellant contends that the June 5, 2002 foreclosure sale contravened the New York Supreme Court stay ordered on June 4, 2002. Appellee opposes on grounds that there was no federal bankruptcy stay in effect at the time of the foreclosure sale, and that the state court proceedings are not relevant to this court.

## II. Discussion

The court holds a *pro se* petitioner's submissions to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, the court will interpret appellant's petition to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

The court finds that the June 5, 2002 foreclosure sale did not violate the automatic stay provisions of the bankruptcy code. "When a debtor's legal and equitable interests in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow." *In re Island Helicopters, Inc.*, 211 B.R. 453, 464 (E.D.N.Y. 1997) (quoting *In re Butchman*, 4 B.R. 379, 381 (S.D.N.Y. 1980)). Indeed, "[i]t is settled law in New York that a valid judgment and sale in a mortgage foreclosure action entitle the purchaser at the sale to receive a deed to the premises upon compliance with the terms of the sale and that the mortgagor has no right to redeem the premises after the sale but before the purchaser has received a deed." *In re Butchman*, 4 B.R. at 380 (citations omitted). The foreclosure sale

"effectively cut[s] off the debtor's legal title or equity of redemption in the mortgaged premises[.]" *Id*.

A comparison of the dates in the instant action to the seven relevant periods in which appellant obtained stays from bankruptcy filings establishes that, at no time, was a stay in place preventing either the signing or entry of a judgment of foreclosure and sale on August 8, 2000 and August 23, 2000, respectively, or the auction sale of the property on June 5, 2002. Appellant filed his petition for bankruptcy on July 16, 2002, six weeks after he lost any interest in the property through the foreclosure sale. Since appellant "did not have any ownership rights" over the property at the time, "the foreclosure sale did not violate the automatic stay provisions." *In re Urban*, 125 Fed. Appx. 336, 337 (2d Cir. 2005).

Appellant mistakenly assumes that the operative date is not the date on which the auction sale occurred, but rather the date on which the deed was transferred. However, "[b]ankruptcy courts have uniformly held that, under New York mortgage foreclosure law, a debtor's right of redemption of, and interest in, the property is extinguished by the auction, not by the subsequent delivery of the deed." *In re Rodgers*, 333 F.3d 64, 67 (2d Cir. 2003) (rejecting debtor's contention that a foreclosure sale contravened the automatic stay provisions, where the debtor filed a Chapter 13 bankruptcy petition shortly after the auction sale, but before a deed was recorded by the County and delivered to the purchaser).[2] "This principle—that a mortgagor's

---

[2] *See also In re Sanders*, 408 B.R. 25, 41 (E.D.N.Y. 2009) (finding that, under New York law, a debtor "lacks standing to challenge alleged improprieties in the transfer of the title that occurred after the auction sale took place"); *Kolkunova v. Guar. Home Mortg. Co., Inc.*, 43 A.D.3d 878, 878 (2d Dep't 2007) ("The right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered."); *In re Mizuno,* 288 B.R. 45, 49 (E.D.N.Y. 2002) (rejecting debtor's contention "that he continued to have an equitable right to redeem the [p]roperty up until the point of the actual conveyance of the deed"); *Scheckter v. Emigrant Sav. Bank*, 237 A.D.2d 273, 274 (N.Y. App. Div. 1997) (finding that once the auction sale was completed, the debtor lacked standing to enforce any of the provisions of the terms of

interest in and right to redeem a mortgaged property is terminated by a valid foreclosure sale—*whether or not a deed has been delivered to the purchaser*—has been part of New York law for over a century." *Id*. (emphasis in original). Because appellant "lost [his] legal and equitable interests in the property by virtue of the foreclosure sale, the property did not become property of the estate when the bankruptcy petition was filed." *Id*. at 69.

It is well settled in the Second Circuit that, even if appellant retained some "incidents of ownership . . . between the time of the sale and the delivery of the deed—for example, a limited right of possession—the delivery of the deed was a ministerial act that did not impair any property interest retained by [appellant] and, thus, was not subject to the automatic stay." *Id.* (internal quotation marks omitted). In sum, there was no stay in place that could arguably affect the foreclosure sale, and appellant's interests in the property at issue had been extinguished by the foreclosure sale, precluding violation of any alleged automatic stay that arguably may have been in place.

Appellant also contends that the foreclosure sale violated the state court's stay issued on June 4, 2002. Plaintiff's argument runs counter to the plain text of the state court's ruling, which stayed the referee from "transferring the deed." (Order to Show Cause, dated June 4, 2002, *Chemical Bank v. Darnley, et al.*, Index No. 42622/99.) At a hearing in connection with appellant's application for injunctive relief, this court already determined that "the [foreclosure] sale was not stayed. It was the transfer of the deed [that was stayed], not the sale . . . [appellant] does not have any standing to stay foreclosure of the sale." (*See* Tr. of Order to Show Cause, 10/13/2006, at 23:12-20.) This court found that the state court judge who issued the June 4, 2002

---

the sale, including the closing); *In re Cretella,* 42 B.R. 526, 532 (E.D.N.Y. 1984) ("[T]he mortgagor has no legal or equitable interest in real property after a foreclosure sale, even if the formal transfer of the title has not taken place[.]").

5

Order to Show Cause crossed out the original language submitted for its review, which proposed a stay on the "sale" of the property, and substituted a handwritten notation staying only the "transferring of the deed." The court sees no reason to revisit its ruling that the state court order "was a stay only as to the transfer of the deed and was not a stay of the sale. Therefore, there was no [state court] stay in effect with respect to the foreclosure sale that was scheduled to go forward on June 5 of 2002." (*Id.* at 29:22-30:3.)[3]

As set forth *supra*, under New York law, the transfer of the deed does not constitute a foreclosure sale, and, accordingly, a stay on the transfer the deed does not also stay the foreclosure sale. Appellant does not submit any new evidence to warrant a departure from this rule. Since there was no stay barring the referee from proceeding with the auction sale, appellant has no standing to vacate the foreclosure. The bankruptcy court's July 6, 2006 decision is therefore affirmed.

SO ORDERED.

Dated: Brooklyn, New York
January 8, 2010

                                                                /s/
                                            DORA L. IRIZARRY
                                        United States District Judge

---

[3] To the extent that appellant is challenging the validity of the state court's August 23, 2000 judgment of foreclosure and sale, the court concurs with appellee that the *Rooker-Feldman* doctrine bars his suit in federal court. *See Hoblock v. Albany Count Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Under this doctrine, a federal district court lacks jurisdiction over suits that are, in substance, appeals from state court judgments. *Id.*