UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
CURBY DARNLEY, *pro se*,                                      :
                                                              :
                    Debtor-Appellant,                         :
                                                              :     **SUMMARY ORDER**
              -against-                                       :     06-CV-4265 (DLI)
                                                              :
AMERIQUEST MORTGAGE CO.,                                      :
                                                              :
                    Appellee.                                 :
------------------------------------------------------------- :

**DORA L. IRIZARRY, United States District Judge:**

On January 8, 2010, this court issued an order affirming an order of the United States Bankruptcy Court for the Eastern District of New York entered on July 6, 2006, denying *pro se* debtor-appellant Curby Darnley's motion to reopen a chapter 13 case to vacate a judgment of foreclosure and reinstate the matter on the calendar. On January 25, 2010, Darnley moved for reconsideration of the court's dismissal of his appeal based on evidence that the court purportedly overlooked in its consideration of the record on appeal.[1] Appellee opposed Darnley's motion on February 12, 2010 on the ground that Darnley is impermissibly rehashing the identical argument that he made previously, both in state and federal court.[2]

---

[1] The legal standards that govern this court's review of this motion for reconsideration were generally set forth in an earlier motion for reconsideration submitted by Darnley in this matter. *See Darnley v. Ameriquest Mortg. Co.*, 2007 WL 2323563, at *1 (E.D.N.Y. Aug. 10, 2007).

[2] In his reply brief, Darnley contends that the appellee's opposition should be disregarded by the court as untimely. In fact, it was Darnley's motion for reconsideration that did not comply with the fourteen-day deadline set forth in Local Civil Rule 6.3. The court notes that the appellee's opposition was timely pursuant to Local Civil Rule 6.1, and considers plaintiff's untimely motion in deference to his *pro se* status.

Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *Accelecare Wound Ctr., Inc. v. Bank of N.Y.*, No. 08-cv-8351 (DLC), 2009 WL 2482151, at *1 (S.D.N.Y. Aug. 11, 2009). Reconsideration is, furthermore, justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted).

A court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks and citation omitted). Accordingly, reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In the interests of finality, Local Civil Rule 6.3 requires that "[a] notice of motion for reconsideration. . . be served within fourteen (14) days after the entry of the court's determination of the original motion."

As an initial matter, the court notes that Darnley's motion for reconsideration is untimely, filed as it was on January 25, 2010, well past the fourteen-day deadline imposed by Local Civil Rule 6.3. Furthermore, Darnley has failed to point to any factual matters or controlling precedent this court overlooked in issuing its January 8 order denying his motion to reopen the chapter 13 case and vacate a judgment of foreclosure, and dismissing his appeal therefrom. Nor has Darnley contended that there has been an intervening change in controlling law, new evidence has become available, or any manifest injustice will otherwise result. As Darnley merely seeks to re-litigate his appeal, his motion for reconsideration is hereby DENIED.

The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2010

/s/
DORA L. IRIZARRY
United States District Judge