UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CURBY DARNLEY, *pro se*,

                            Debtor-Appellant,

                    -against-

AMERIQUEST MORTGAGE CO.,

                                Appellee.
------------------------------------------------------------- x

**SUMMARY ORDER**
06-CV-4265 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

On January 8, 2010, this Court issued an order affirming a 2006 order issued by the United States Bankruptcy Court for the Eastern District of New York denying *pro se* debtor-appellant Curby Darnley's motion to reopen a chapter 13 case to vacate a judgment of foreclosure and reinstate the matter on the calendar. Dkt. Entry No. 28. On January 25, 2010, Darnley untimely moved for reconsideration of this Court's dismissal of his appeal, alleging the Court purportedly overlooked certain evidence in its consideration of the record on appeal. Dkt. Entry No. 30. In light of Darnley's *pro se* status, the Court considered the reconsideration motion despite its untimeliness, and denied it on March 17, 2010. Dkt. Entry No. 34.

On April 23, 2010, Darnley appealed this Court's March 17, 2010 Order. Dkt. Entry No. 35. On October 26, 2010, the Second Circuit Court of Appeals dismissed Darnley's appeal as frivolous. Dkt. Entry No. 36. On May 3, 2019, Darnley once again untimely moved for reconsideration and for restoration of this action to the calendar, based on allegedly newly discovered evidence. Dkt. Entry No. 38. For the reasons set forth below, Darnley's motion is denied in its entirety.

## Legal Standard

*Pro se* submissions are construed "liberally and interpret[ed] . . . to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quotation marks and citation omitted). Even so, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation and quotation marks omitted). Nor are *pro se* litigants permitted to make "frivolous or vexatious filings[.]" *Id.* (citation omitted).

Courts consider a motion to restore an action to the calendar as a motion to reconsider. *Fischer v. Talco Trucking, Inc.*, 2010 WL 409104, at *1 (E.D.N.Y. Jan. 27, 2010) (interpreting a *pro se* plaintiff's motion to "[r]estore to the [c]alendar" as a motion for reconsideration). Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *Accelecare Wound Ctr., Inc. v. Bank of N.Y.*, 2009 WL 2482151, at *1 (S.D.N.Y. Aug. 11, 2009). Furthermore, reconsideration is justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 708 F. Supp.2d 348, 369 (S.D.N.Y. 2010) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

## Discussion

A court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks and citation omitted). Motions for reconsideration are not the proper forum to obtain a "second bite at the apple." *Tsitrin v. Vitaliano*, 2013 WL 4069527, at *2 (E.D.N.Y. Aug. 12, 2013) (internal quotations omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Id.* In the interests of finality, Local Civil Rule 6.3 requires that "[a] notice of motion for reconsideration. . . be served within fourteen (14) days after the entry of the court's determination of the original motion."

As an initial matter, Darnley's motion for reconsideration is untimely as it was filed years past the fourteen-day deadline imposed by Local Civil Rule 6.3. Notably, his *pro se* status does not exempt him from complying with the deadline imposed by the rule. Even if the Court were to consider his untimely motion in deference to his *pro se* status, Darnley has not identified any arguments or controlling decisions this Court has overlooked. Darnley has not cited any intervening change in the applicable law, submitted new evidence, or demonstrated a need to correct a clear error to prevent manifest injustice. Darnley merely seeks to relitigate his appeal and this Court's prior orders. Accordingly, his motion for reconsideration is denied as untimely and utterly without merit.

A review of the docket reveals that this is Darnley's fourth untimely and meritless motion for reconsideration. Darnley is admonished not to file any more such motions or else he shall be subject to sanctions.

The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See, Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2020

                                              _____/s/_____
                                                DORA L. IRIZARRY
                                            United States District Judge